**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

E.W. "DUB" JILES,

    Defendant - Appellant.

No. 03-6277
(D.C. No. 02-CR-29-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant E.W. "Dub" Jiles appeals his sentence imposed following a plea of guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Mr. Jiles asserts that the district court committed plain error by increasing his sentence under a mandatory sentencing guidelines system on the basis of judicially determined facts in contravention of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

United States v. Booker, 125 S. Ct. 738 (2005). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## Background

The parties are familiar with the facts, and we need not repeat them in detail here. On February 20, 2002, Mr. Jiles was indicted on numerous counts involving bribery, money laundering, and other offenses. The indictment alleged that Mr. Jiles, who operated several nursing homes in Oklahoma, bribed Brent VanMeter, an official at the Oklahoma State Department of Health. The purpose was to transfer residents from nursing homes that had been closed to homes that Mr. Jiles operated and to appoint a management company controlled by Mr. Jiles as temporary manager of troubled nursing homes. Under the terms of a plea agreement, Mr. Jiles pleaded guilty to a single count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

The final presentence report established Mr. Jiles' base offense level under the Sentencing Guidelines at 20 and recommended upward adjustments based on the amount of funds laundered during the conspiracy (U.S.S.G. § 2S1.1), the vulnerability (U.S.S.G. § 3A1.1(b)(1)) and number (U.S.S.G. § 3A1.1(b)(2)) of victims, and Mr. Jiles' role in the scheme (U.S.S.G. § 3B1.1(a)). The presentence report also indicated that an adjustment for acceptance of responsibility (U.S.S.G.

§ 3E1.1) was not warranted. The resulting offense level was 31, with a sentencing range of 108-135 months imprisonment.

Prior to the sentencing hearing, the district court granted two defense objections that resulted in a 5 level reduction in the total offense level to 26, with a sentencing range of 63-78 months. Following a three-day sentencing hearing, the district court sustained the upward adjustments relating to the vulnerability and number of victims as well as the adjustment for Mr. Jiles' role in the offense. The district court sentenced Mr. Jiles to 63 months imprisonment, the bottom of the sentencing range.

Mr. Jiles subsequently appealed his sentence. The government moved for dismissal on the basis of a waiver of appellate rights found in the plea agreement. On May 14, 2005, this court granted the government's motion. Mr. Jiles then sought certiorari review before the United States Supreme Court, arguing that his guidelines sentence was unconstitutional under the rule propounded in Blakely v. Washington, 542 U.S. 296 (2004). The Supreme Court granted certiorari and remanded the case for reconsideration in light of its decision in United States v. Booker, 125 S. Ct. 738 (2005). We thereafter denied a motion by the government to dismiss the case and ordered briefing on the Booker issue to proceed. We now address Mr. Jiles' arguments on appeal.

<u>Discussion</u>

The sole issue on appeal is whether the district court committed plain error in enhancing Mr. Jiles' sentence on the basis of judicially determined facts under a mandatory sentencing system. In <u>Booker</u>, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. Under the substantive rule propounded in <u>Booker,</u> a sentence enhanced under mandatory sentencing guidelines on the basis of judicially determined facts runs afoul of the Sixth Amendment's right to jury trial. <u>Id.</u>

Because Mr. Jiles did not raise the <u>Booker</u> issue before the district court, we review for plain error. <u>United States v. Gonzalez-Huerta</u>, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). "'Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" <u>Id.</u> (quoting <u>United States v. Burbage</u>, 365 F.3d 1174, 1180 (10th Cir. 2004)). The government concedes that the first two prongs of plain error review are satisfied in this case. Aplee. Br. at 31.

Our inquiry now turns to the third prong of plain error review. As we have

- 4 -

repeatedly emphasized, the defendant bears the burden under plain error review to demonstrate that the alleged error in sentencing affects his substantial rights. Gonzalez-Huerta, 403 F.3d at 736; United States v. Clifton, 406 F.3d 1173, 1181 (10th Cir. 2005). There exist at least two ways to satisfy this burden.

> First, if the defendant shows a reasonable probability that a jury applying a reasonable doubt standard would not have found the same material facts that a judge found by a preponderance of the evidence, then the defendant successfully demonstrates that the error below affected his substantial rights. This inquiry requires the appellate court to review the evidence submitted at the sentencing hearing and the factual basis for any objection the defendant may have made to the facts on which the sentence was predicated. Second, a defendant may show that the district court's error affected his substantial rights by demonstrating a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court judge would reasonably impose a sentence outside the guidelines range. For example, if during sentencing the district court expressed its view that the defendant's conduct, based on the record, did not warrant the minimum Guidelines sentence, this might well be sufficient to conclude that the defendant had shown that the *Booker* error affected the defendant's substantial rights.

United States v. Dazey, 403 F.3d 1147, 1175 (10th Cir. 2005). In this case, Mr. Jiles asserts that there exists both a reasonable probability that a jury would not have found the same material facts under a reasonable doubt standard and that the district court judge would have imposed a sentence outside the guidelines range had he not been bound. We address each allegation in turn.[1]

---

[1]Mr. Jiles also argues that sentencing under the mandatory guidelines constituted structural error and that Booker error should be presumed prejudicial.

- 5 -

Mr. Jiles first asserts that a jury might have reached different conclusions under a reasonable doubt standard as to the identity of victims of the offense, their number, and the number of participants in the offense. Beyond such conclusory assertions, the essence of his argument is that because he "'strenuously contested the factual basis for the sentencing enhancements,'" he has satisfied the third prong of plain error review. Aplt. Br. at 18 (quoting Dazey, 403 F.3d at 1177). This argument is unpersuasive.

Mr. Jiles argument rests on the incomplete premise that merely contesting the government's evidence through cross-examination, objection, and the introduction of witnesses somehow satisfies the requirement that the defendant demonstrate a "reasonable probability" that a jury would have reached a different conclusion under a reasonable doubt standard. A "reasonable probability" exists where the probability of a different result is "sufficient to undermine the confidence in the outcome of the proceeding." United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004). Our determination necessarily invokes a qualitative and quantitative assessment of the evidence in the record. See id. In this case the evidence overwhelmingly supports the district court's determination.

After carefully reviewing the record, we conclude that a reasonable

Mr. Jiles acknowledges, however, that this court rejected these arguments in Gonzalez-Huerta, 403 F.3d at 734-36. We merely note that Mr. Jiles has preserved the issues.

probability of a jury reaching a different conclusion with respect to the sentencing enhancements does not exist. Testimony by the government's witnesses and Mr. Jiles' own captured conversations presented overwhelming evidence supporting the enhancements. Though important, the testimony of Mr. Jiles' witnesses and defense counsel's cross examination were simply insufficient to cast serious doubt on the factual bases underpinning the sentence enhancements. At best, Mr. Jiles' witnesses presented an incomplete picture of the factual circumstances that was undermined by the government witnesses' testimony and the Defendant's own statements. Mr. Jiles makes much of the fact that a jury might have chosen to credit the testimony of Tim Pickert, a long-time friend and employee of Mr. Jiles, whom the district court described as an "entirely incredible witness." III Aplt. App. at 730. However, Mr. Jiles has failed to even allege what difference such a credibility determination could have made given the limited nature of Mr. Pickert's testimony and the overwhelming evidence in contradiction. No reasonable probability of a different result exists, even with a more demanding standard of proof.

We next turn to Mr. Jiles' assertion that there exists a reasonable probability that the district judge would impose a sentence outside the guidelines range. We agree with the government that Mr. Jiles' assertion is undermined by the district court's careful consideration of the relevant facts in relation to the

sentencing factors in 18 U.S.C. § 3553(a). Although Mr. Jiles was sentenced at the bottom of the Sentencing Guidelines range, the district court gave no indication that it viewed the minimum guidelines sentence as excessive. See Gonzalez-Huerta, 403 F.3d at 734; Dazey, 403 F.3d 1175; United States v. Shelton, 400 F.3d 1325, 1328, 1332-33 (11th Cir. 2005). Many of the arguments Mr. Jiles urges here were considered by the district court in denying the defendant's motion for downward departure. The district court made clear that the grounds proffered were insufficient to warrant a downward departure, but that the "circumstances merit[ed] a sentence at the bottom of the guideline range." III Aplt. App. at 738. Continuing, the district court noted that "given the goals of sentencing, as set out in the statute, . . . the bottom of the range is sufficient in this case." Id.

Post-Booker, district courts are still required to consult the Sentencing Guidelines in determining sentences, even though they are not bound to sentence within the guideline range. Gonzalez-Huerta, 403 F.3d at 731. The district court's on-record consideration of the sentencing factors and its ultimate sentence determination lead us to conclude that Mr. Jiles has failed to demonstrate a reasonable probability that the district court would sentence outside the guideline range. Satisfying the third prong of plain error review requires more than reasserting arguments made to the district court or "cherry picking" the record for

extra-contextual comments.  We can glean nothing from the above-quoted comments that would lead us to conclude that the district court might have considered sentencing outside the guidelines range.

Because Mr. Jiles has failed to demonstrate that the district court's sentencing error affected his substantial rights, we need not consider the fourth plain error factor.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge